UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

-----------------------------------------------------------X
ALTHEA SHIPPING CO SA

                  Plaintiffs,

-against-

TECHNOLOGIES & SUPPLY INC.

                  Defendants.

-----------------------------------------------------------X

Case No._____

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff ALTHEA SHIPPING CO SA ("Althea") hereby petitions this Court pursuant to 9 U.S.C. § 9 as follows:

### NATURE OF THE ACTION

1. This is an action to confirm an arbitration award issued on March 7, 2017 in favor of Althea and against Defendant TECHNOLOGIES & SUPPLY INC. ("Technologies"). The March 7, 2017 award is hereafter referred to as the "Award." A certified copy of the Award is attached to this petition as Exhibit A.

### THE PARTIES

2. Althea is a foreign corporation based in the Marshal Island. Althea is involved in the ocean shipping business as a ship-owner.

3. Technologies is a Florida corporation with its principal place of business at 10100 NW 116th Way Ste 15, Medley, FL 33178-1154. Upon information and belief, Technologies has another business address at 11500 NW 123rd St Bldg/Floor STE Rm/Suite 300 Miami FL

33178-4070. Technologies is a a company dedicated to the foreign trade of goods and services. In order to pursue its trading activities, Technologies charters ships like the ones owned by Althea.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this petition pursuant to 28 U.S.C. § 1332, as complete diversity exists between Althea and Technologies, and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because Technologies is located in this district and, therefore, part of the events or omissions giving rise to the claim in the underlying arbitration occurred in this district. *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 204 (2000).

## THE UNDERLYING ARBITRATION

6. In the February of 2016, pursuant to an Amended 1994 GENCON Form Charteparty ("Charterparty"), Althea chartered the M/V Ribo ("Vessel") to Technologies. (*See* Exhibit A at ¶ 1; Exhibit B, Certified Copy of Charter Party)

7. Technologies failed to provide the Vessel with the cargo agreed upon, failed to pay Althea the freight agreed upon in consideration for chartering the Vessel and, failed to pay the demurrage charges incurred as a consequence of its non-performance and, thus, breached the Charterparty. (*See* Exhibit A at ¶¶ 16-32)

8. In the April of 2016, pursuant to the Charterparty, Althea started an arbitration proceeding before the London Maritime Arbitration Association, against Technologies. (*See* Exhibit A at ¶ 1; Exhibit C, Declaration of Panagiotis Chiotelis at ¶4).

9. Althea also proceeded in arbitration against non-parties, Consorciominero Dominicano ("CD") and Transport Universal Import & Export ("TUIE") that guaranteed Technologies' performance under the Charterparty. (*See* Exhibit A at ¶¶ 1, 6).

10. Technologies, as well as CD and TUIE, were notified of the arbitration proceeding and were given the opportunity to appoint their own arbitrator but failed to do so. (*See* Exhibit A at ¶¶ 3, 4; See also Exhibit C – Declaration of Panagiotis Chiotelis at ¶¶ 4 and 5).

11. Technologies, as well as CD and TUIE, also failed to appear or to take any action in the arbitration proceeding. (See exhibit A at ¶ 7; Exhibit C – Declaration of Panagiotis Chiotelis at ¶ 9).

12. The Arbitrator appointed by Althea accepted the appointment as Sole Arbitrator and proceeded in absence of the three Respondents conscious of the fact that, in his own words:

> "I must take great care to ensure fair play between the parties, even where the Respondents are not taking any active part: but I am also entitled to draw a negative inference, where justified, from silence, and to proceed on the basis of the materials available to me. I have regrettably concluded that the absence of any communication from any of the Respondents' entitles the Tribunal to draw an adverse inference in regard to both liabilities and quantum. In the words of the Claimants, the Respondents "....*have just disappeared*".
> (Exhibit A at ¶ 7)

13. On March 7, 2016, the Arbitrator issued the Award finding that Althea properly brought the disputes between the parties in arbitration and that the jurisdiction over the Respondents was proper. The Arbitrator awarded to Althea the sum of $249,591.24 plus interest at the judgment debt rate from the date of the Award. (See Exhibit A at ¶¶ 10; 28-32).

14. Technologies was served with all the pleadings throughout the proceeding and was served with a copy of the Award on March 27, 2017. (*See* Exhibit C at ¶¶ 1-8).

15. To date, Technologies has not satisfied any of its payment obligations under the Award and has not moved to modify or vacate the Award.

16. None of the grounds for refusal to confirm the Award set forth in 9 U.S.C. §§ 10-11 apply.

17. This petition is timely pursuant to 9 U.S.C. § 9 because it is filed within one year after the Award was made.

WHEREFORE, Althea respectfully requests that this Court:

    a. Enter an order confirming the Award, pursuant to 9 U.S.C. §9;

    b. Enter judgment in favor of Althea and against Technologies that conforms to the Award;

    c. Award prejudgment interest from the date of the Award until the date of this Court's order confirming the Award and entering judgment;

    d. Award Althea its attorneys' fees and costs incurred in procuring the above order and judgment; and

    e. Grant any further relief to Althea that the Court deems just and proper.

## ARGUMENT

### THE ARBITRATION AWARDS SHOULD BE CONFIRMED AND JUDGMENT SHOULD BE ENTERED IN ALTHEA'S FAVOR

On March 7, 2017, the arbitration panel issued the award holding that all claims and defenses in the case were arbitrable under the Charter Party. (*See* Exhibit A at ¶¶10; 28-32). The Award also resolved all substantive issues and claims submitted by Althea. (*See* Exhibit A at

¶¶16-32). The panel found in favor of Althea on its claims, ordering Technologies to pay Althea the sum of $242,591.24. (*See* Exhibit A at ¶¶28-32).

It is well settled that arbitration is a favored means of dispute resolution, and the Federal Arbitration Act ("FAA") establishes a clear policy favoring arbitration. *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003). As a result, judicial review of commercial arbitration awards is narrowly limited under the FAA. See 9 U.S.C. §10-11. The FAA presumes the confirmation of arbitration awards, and federal courts should defer to an arbitrator's decision whenever possible. *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11th Cir. 2007); *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 433 (11th Cir. 1995). That is especially appropriate here, where the arbitrator spent almost one year adjudicating the issues. Althea's petition to confirm the Award is timely pursuant to 9 U.S.C. § 9.

To date, Technologies has not satisfied any of its payment obligations under the Award and has not moved to modify or vacate either award. The FAA sets out four narrow bases for vacating an award, none of which apply in this case. See 9 U.S.SC. §§ 10-11.

## CONCLUSION

For the reasons set herewith, Althea's petition should be granted.

Dated: August 31, 2017

> Kathryn L. McHale, Esq.
> Counsel for Althea Shipping Co., S.A.
> 225 Peruvian Avenue
> Palm Beach, FL 33480
> Telephone: (561)379-5030
> Fax: (561)828-8324
> Email: Kathy@KMcHaleLaw.com
>
> By: /s/ Kathryn L. McHale
> Kathryn L. McHale, Esq.
> Fla. Bar. No. 984063